AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
9/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
September 16, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CLD___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America

v.

Juan AGUILERA ROSAS,

Defendant

Case No.   2:25-mj-05740-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 29, 2025 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028(a)(2) | Fraud in Connection with Identification Documents |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Ulysses Guevara Hugo*
*Complainant's signature*

Ulysses Guevara Hugo, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   September 16, 2025

*Judge's signature*

City and state:   Los Angeles, California   Hon. Alka Sagar, U.S. Magistrate Judge
*Printed name and title*

AUSA: Thi Hoang Ho (x0596)

**AFFIDAVIT**

I, Ulysses Guevara Hugo, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI") where I have worked since September 2020. I am currently assigned to Los Angeles Document Benefit Fraud Task Force, which investigates fraudulent activities related to documents and benefits in the United States in the Central District of California.

2. During my tenure as a Special Agent, I have successfully completed approximately 472 hours of instruction in the Criminal Investigators Training Program, 536 hours of instruction from the HSI Special Agent Training, and 712 hours of instruction from the Customs and Border Protection ("CBP") Officer Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia.

3. Prior to my tenure as a Special Agent, I was a CBP officer for 8 years. Throughout my law enforcement career, I have had extensive experience and training in the investigation of violations of criminal law, such as fraudulent documents, transnational criminal organizations, and financial fraud. I have participated in many aspects of criminal investigations including the issuance of subpoenas, reviewing evidence, conducting electronic and physical surveillance, working with informants, and the execution of search and arrest warrants. Additionally, I have interviewed and/or debriefed informants and

other witnesses who had personal knowledge regarding the subject matters of the investigations in which I have been involved.

## II. PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of a criminal complaint against, and arrest warrant for, Juan AGUILERA ROSAS, for violating 18 U.S.C. § 1028(a)(2), fraud in connection with identification documents (the "Target Offense").

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. STATEMENT OF PROBABLE CAUSE

6. Based on my review of law enforcement reports, conversations with other law enforcement agents, my review of the audio and video recording, and my own knowledge of the investigation, I am aware of the following:

7. On April 29, 2025, at approximately 11:00 a.m., special agents from HSI's Los Angeles Document Benefit Fraud Task Force ("DBFTF") and its Integrated Operations Group, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, and Firearms, and the Federal Bureau of Investigations

(collectively, the "Investigative Team") conducted a buy/walk operation utilizing a confidential informant[1] ("CI") targeting the MacArthur Park area of Los Angeles for subjects involved in fraudulent documents. The specific area targeted for this operation was near the intersection of 7th Street and Alvarado Street ("Target Location") in Los Angeles, California.

8.  Surveillance units set up positions around the Target Location where agents observed two individuals previously identified as AGUILERA ROSAS and A.I.S. The CI, equipped with an audio and visual recorder and transmitter, was directed to approach and contact the individuals to determine if they would solicit the CI to purchase fraudulent identification documents. The CI was provided with two photos of male individuals generated by an Artificial Intelligence ("AI") software. The photos were printed on two sheets of white paper and included handwritten personal identifying information needed for the fraudulent documents requested.

---

[1] The CI is a law enforcement informant who has previously purchased illicit contraband on behalf of law enforcement. The CI has been a law enforcement informant since June 2013. For the duration of his cooperation with law enforcement, the CI has been known to only provide truthful information. Law enforcement has frequently corroborated or otherwise validated the information provided by the CI and there are no concerns regarding the CI's candor or truthfulness. In exchange for his cooperation and participation in law enforcement investigations, the CI has received grants of Deferred Action which shield him from immigration enforcement action, as the CI is unlawfully present in the United States. The CI has criminal convictions from 2011.

9. The CI approached AGUILERA ROSAS and asked if he could buy "micas" from AGUILERA ROSAS.[2] AGUILERA ROSAS responded "yes". AGUILERA ROSAS introduced himself as "Juan" and asked who had recommended him, to which the CI replied that their uncle, "Rudy," had recommended him. The CI showed AGUILERA ROSAS the printed AI-generated photographs and stated he needed identification documents for those individuals. AGUILERA ROSAS asked the CI how much they were willing to pay for the documents, which would include two sets of Social Security cards, lawful permanent resident cards, and California identification cards. The CI stated that since they were purchasing two sets of identification documents, they should get a good deal. AGUILERA ROSAS walked the CI towards a nearby wall and retrieved several documents from a hidden area. Some of the identification documents spilled onto the floor. AGUILERA ROSAS retrieved the documents to show the CI the quality of the cards being purchased. AGUILERA ROSAS stated he could do both sets for $190 each for a total of $380. The CI agreed and paid AGUILERA ROSAS a $100 deposit. AGUILERA ROSAS stated that the documents would be ready in about an hour and a half. The CI provided a phone number to AGUILERA ROSAS. AGUILERA ROSAS called the CI to confirm the telephone number.

10. At approximately 12:49 p.m., the Investigative Team observed an unknown Hispanic male ("UM1") on a scooter wearing black clothing exchange an object with AGUILERA ROSAS.

---

[2] Based on my training and experience, "micas" is a slang word for a legal permanent resident card

11. Approximately one hour later, AGUILERA ROSAS called the CI to inform the CI that the documents were ready for pickup.

12. During surveillance, agents observed UM1 hand a small white object to AGUILERA ROSAS. AGUILERA ROSAS placed the small white object on the front gate near the front door of a business. Approximately ten minutes later, the CI arrived in the area of the Target Location and received another call from AGUILERA ROSAS, who stated that because an unidentified "they" believed police were in the area, "they" did not want to leave the documents with AGUILERA ROSAS. AGUILERA ROSAS stated that he would call "them" back to drop off the documents to deliver to the CI.

13. AGUILERA ROSAS asked the CI if they had the remaining money for the fraudulent identification documents and that he was waiting for a text message. AGUILERA ROSAS stated that "they" always leave the documents in a nearby area so that "we" don't get compromised. AGUILERA ROSAS then stated that he got the text message, that "they" had dropped off the completed documents and asked the CI to give AGUILERA ROSAS the money so AGUILERA ROSAS could give the exact location of the documents to the CI. The CI questioned AGUILERA ROSAS and told him that they could go together to which AGUILERA ROSAS replied that "we don't get into those problems".

14. A short time later a second unidentified male wearing black pants and a black shirt ("UM2") approached the CI and advised that he had the documents. UM2 stated that AGUILERA

ROSAS had an errand to run and that the CI owed the remaining amount. The CI gave UM2 $300 and was provided with the fraudulent identification documents.

15. A total of six fraudulent documents were seized including two fraudulent lawful permanent resident cards, two Social Security cards, and two California identification cards with the REAL ID designation.

16. I have personally reviewed all video and audio recordings of the interaction between AGUILERA ROSAS and the CI. Based on the review, there is a match between the photo identification of AGUILERA ROSAS, including identifying tattoos.

## IV. CONCLUSION

17. For all of the reasons described above, there is probable cause to believe that AGUILERA ROSAS has committed a violation of 18 U.S.C. § 1028(a)(2), fraud in connection with identification documents.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __16th__ day of September, 2025.

_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE